IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Timothy W. Eddington, # 294715, ) | |
| ) | C/A No. 8:04-1273-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| South Carolina Department of Corrections; ) | |
| Catawba Work Release; Eddie O'Cain; ) | |
| Robert Ward; Monica Counts; and ) | |
| Tim Riley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se*, brings this complaint pursuant to 42 U.S.C. § 1983.  It appears that the plaintiff is alleging that the South Carolina Department of Corrections ("SCDC") failed to protect the plaintiff and that threats were made against him by other inmates and SCDC employees. On July 12, 2004, the defendants filed a motion for a more definite statement.  By order dated August 17, 2004, the Magistrate Judge granted the motion and directed the plaintiff to file a statement with the Court stating "the specific relief he seeks from each of the defendants."  On August 27, 2004, the plaintiff filed a "Definite Statement":

> Sir, I'm asking for the court to look at what has happen to me and to see that I have tryed to handle this matter informal, and administratively and know one will talk to me to handle this matter after I wrote to everyone I know to, so I'm asking the court to handle this matter, so I's asking for monetary damages of $40,000.00 from each Defendant in this case and injunctive relief for the court to order for SCDC to give back my max-out where it was and to drop the escape charge and to put me back
> at a camp like I was at due to the facts that SCDC officers threaten my life and my family and that these officer's was in charge of me and done this to me, also I wish that for punitive damages that the court will order for SCDC to punish the people and officer's that I complained to for not doing there job's and for equitable relief that the court sees fit for the relief for what happen to me. Sir, I also wish for you and make a motion for you to order SCDC and General Counsel to write me and let me know why they want talk to me are, when I have tryed to handle this informal and

>administratively and write to them and told them we could handle this matter ourself's and they won't talk to me so this is what I ask the court to do for me, and if there are something else the court need's please write me now because this is all I know and this is all I know about the reliefs because I don't understand why SCDC and General Counsel wont talk to me so if this isn't all you need please write me back. [sic]

On November 29, 2004, the plaintiff filed a motion to amend his complaint. In this motion, the plaintiff states that he has now learned that his claim is actually a state law claim and he wishes to bring his action in state court. He asks this court to dismiss his complaint without prejudice, so that he can file his complaint in state court. On December 17, 2004, the defendants responded to the plaintiff's motion. Essentially, the defendants have no objection to the dismissal of this action so that the plaintiff may re-file state law claims in state court. The defendants request, however, that any dismissal of the federal claims be with prejudice. Also on November 29, 2004, defendants filed a motion for summary judgment.

In accordance with 28 U.S.C. § 1915, 28 U.S.C. § 1915A, 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation ("the Report") of United States Magistrate Judge Bruce H. Hendricks, filed May 24, 2005. This Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on her review of the record, the Magistrate Judge concluded that the plaintiff's action should be dismissed without prejudice as to any state law claims, but with prejudice as to his federal claims. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. The plaintiff timely filed objections to the Report on June 8, 2005, asking

2

that the entire action, not just the state law claims, be dismissed *without* prejudice.

The Court has construed plaintiff's motion to amend as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a). Under that rule

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, which first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Rule 41(a)(1). The defendants answered the plaintiff's complaint on September 27, 2004, and do not stipulate to the dismissal of the federal claims without prejudice. Consequently, plaintiff cannot proceed under Rule 41(a)(1). Instead, he must seek an order from this Court granting dismissal pursuant to Rule 41(a)(2).

Federal Rule of Civil Procedure 41(a)(2) provides that

> an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The determination of whether or not a case is to be dismissed is left to the sound discretion of the trial judge. *Ellett Brothers, Inc. v. U.S. Fidelity & Guaranty Co.*, 275 F.3d 384, 388 (4th Cir. 1002); *see also* Wright and Miller, Federal Practice and Procedure § 2364. Dismissal is generally allowed unless the defendant will suffer substantial prejudice as a result. *Flath v. Bombardier*, 217 F.3d 838 (4th Cir. 2000). Something more than the mere prospect of a second lawsuit is necessary. *Ellett Brothers*, 275 F.3d at 388-389.

The following factors should be considered in determining whether to grant a motion under

3

Rule 41(a)(2): (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need of a dismissal; and (4) the present stage of the litigation. *Gross v. Sipes*, 133 F.3d 914 (4th Cir. 1998). Thus far in this case, the defendants have filed a motion for summary judgment. That does not constitute either an extreme effort or expense upon the defendants and any work done this far should be applicable to any subsequent law suit. The plaintiff filed this motion early in the law suit and, in fact, on the very same day that the defendants filed their motion for summary judgment. The Court finds that there has been no excessive delay or lack of diligence on the party of the plaintiff. Plaintiff gives several reasons for dismissal, including the possibility of refiling only his state law claims in state court and obtaining counsel to help him evaluate what avenue of relief is most beneficial to him. This litigation is still in its early phases. While defendants have filed a motion for summary judgment, it has not been ruled upon by the Court. In its sound discretion, the Court finds that these factors weigh in favor of granting the plaintiff's motion for dismissal *without* prejudice.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The Court has reviewed the Report, pleadings, memoranda, and applicable law. The Court sustains the plaintiff's objections and respectfully declines to adopt the Report. Accordingly, this case is **DISMISSED** *without prejudice* pursuant to Rule 41(a).

4

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

July 8, 2005
Florence, South Carolina